**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

CASE NO.: 26-1184

| | |
|---|---|
| NATHANEL DEPOSKI | : |
| | : |
| Plaintiff | : |
| | : |
| v. | : |
| | : |
| MARTIN MITREV | : |
| | : |
| Defendant | : |

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2026 SEP 22 AM 8:30

## COMPLAINT FOR COPYRIGHT INFRINGEMENT

The Plaintiff, NATHANEL DEPOSKI ("Plaintiff"), on personal knowledge as to their own actions and on information and belief as to the actions, capabilities, and motivations of others, hereby alleges as follows:

## NATURE OF CASE

1. Pursuant to 17 U.S. Code § 502 and § 512 ("DMCA" or the "Digital Millennium Copyright Act") the Plaintiff seeks to protect themselves from the illegal, improper, unethical, and unfair actions of the Defendant, Martin Mitrev ("Defendant"") due to Defendant's unlawful use of Plaintiff's copyright-protected material,, created by the Plaintiff, sold on Plaintiff's Website at https://pukingball.com/ ("Plaintiff's Website") and on Plaintiff's Amazon Store.

## JURISDICTION AND VENUE

2. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 et seq.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

4. Defendant has consented to the jurisdiction of the abovementioned court by way of a counter-notice (defined below) sent in terms of 17 U.S.C § 512 (g)(3) ("the counter-notice").

5. Venue in this District is proper under 28 U.S.C § 1391 (b),(c),(d), and/or 28 U.S.C § 1400(a). The Third Defendant conducts its business in this District, *id* § 1391(c)(3).

## THE PARTIES

6. The Plaintiff, NATHANEL DEPOSKI, is an individual having his principal place of business at 20 Stanley Ct, North Haledon, NJ, 07508. Plaintiff is the inventor and intellectual property rights holder in and to the Puking Ball. The Puking Ball is a novelty toy designed to simulate the act of vomiting. The toy consists of a spherical body designed to be held and manipulated by the user, together with an internal mechanism and material that produces a visual "puking" effect when the toy is squeezed or otherwise activated and then swallows the material. The product is designed as a humorous novelty item and is marketed and sold as a distinctive toy intended to amuse users through its simulated vomiting effect.

7. The Defendant is Martin Mitrev, an individual who sold a copy of the Puking Ball toy through his website, thepukingball.com ("infringing store"), a domain hosted by Shopify Inc., a Canadian e-commerce company that, *inter alia*, provides businesses with online storefronts, payment and commerce tools, and related services, including website and domain hosting services that enable merchants to operate their stores online ("Shopify"). According to Defendant's counter-notice, Defendant's principal place of business is 651 North Broad Street, Suite 201, Middletown, 19709, Delaware, United States of America.

## FACTS AND BACKGROUND

*The Puking Ball Toy*

8. Plaintiff created the Puking Ball toy in 2022, during the height of the COVID-19 pandemic, as a novelty toy designed to provide humor and immediate entertainment through a simulated vomiting effect. The Puking Ball toy produces a distinctive visual effect in which slime is "vomited" from the toy and then "sucked" back into it. Following its introduction, the Puking Ball became a viral sensation across social media platforms, including Instagram, YouTube, and TikTok, generating more than one billion views.

9. Following its initial success, Plaintiff expanded his product range to include a number of additional "gross out" toy, including but not limited to the Puking Ornament, Puking Avocado, Puking Pickle, Puking Poo and Mega Puking Ball.

*Plaintiff's Intellectual Property Rights*

10. The "PUKING BALL" trademark was registered with the United States Patent and Trademark Office ("USPTO") on October 13, 2023. A copy of the trademark certificate is attached hereto marked Exhibit A.

11. Plaintiff further has copyright certificates over a range of Puking Ball related works including the viral promotional videos and the Puking Ball sculptural works registered with the United States Copyright Office with the following registration numbers:

11.1. Puking Ball, sculptural work, registration number VAu 1-472-471, registered on May 12, 2022 ("Plaintiff's Product");

11.2. Squishy Puking Ball Video, registration number PA0002449431, registered on December 4, 2023;

11.3. Puking Ball Video 1, registration number PA0002380890, registered on November 19, 2022;

11.4. Puking Ball Video 2, registration number PA000238478, registered on November 19, 2022;

11.5. Puking Ball Video 3, registration number PA0002383294, registered on December 6, 2022;

11.6. Puking Ball Video 4, registration number PA0002439227, registered on September 30, 2023; and

11.7. Puking Ball Video 5, registration number PA0002490049, registered on August 2, 2024.

12. For the purpose of prolixity, the Plaintiff has annexed to this Complaint the copyright certificate for the Plaintiff's Product and the Squishy Puking Ball Video ("Plaintiff's Content") as **Exhibit B and Exhibit C**, respectively.

Defendant's Infringing Conduct on Shopify

13. Defendant unlawfully copied, published, displayed, marketed, and sold exact copies of Plaintiff's Product and Plaintiff's Content through an infringing online store and related application hosted on Shopify (collectively, the "Infringing Content").

14. On or about September 30, 2023, a copyright infringement notice was submitted in terms of Title 17 U.S.C 512 (c)(1)(a)(iii) to Shopify ("the DMCA Takedown Notice"). A copy of the DMCA takedown notices is contained herewith, marked **Exhibit D**.

15. On or about September 14, 2026, Defendant submitted a counter-notice to Shopify (referred to as "the counter-notice") in response to the DMCA Takedown Notices. A copy of the counter-notice is contained herewith, marked **Exhibit E**.

Grounds for Injunction against the Defendant

16. The infringing content of the Defendant contained original works of authorship constituting a literary, pictorial, or graphic work, as defined at 17 U.S. Code § 102 (a)(2) of the Copyright Act and "collective work" defined at 17 U.S. Code § 101. Plaintiff's content is original, unique intellectual property, published in a fixed tangible medium of expression, and can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device, and, accordingly, meets the definition of subject matter capable of copyright protection in terms of 17 U.S. Code § 102 (a).

17. In terms of 17 U.S. Code § 101 "Publication" includes a public performance or display of the work itself, whereby, it is displayed at a place open to the public or transmitted or otherwise communicated a display of work to the public, by means of any device or process, whether the members of the public capable of receiving the display can receive it in the same place or in separate places and at the same time or different times.

18. In terms of Title 17 US Code § 106 (1) and 17 US Code § 106 (3) only the owner of a valid copyright notice has the right to reproduce and distribute copies of a copyrighted work to the public and in terms of Title 17 U.S. Code § 501 anyone who violates any of the exclusive rights of the copyright owner is an infringer of copyright.

19. In terms of the above definition, Plaintiff is the legal owner of the copyright in Plaintiff's Product and content published on and distributed through Plaintiff's website. Plaintiff is the only party legally

capable of reproducing and distributing Plaintiff's Product and Plaintiff's content. Defendant, by reproducing and selling products that are the same or substantially similar to Plaintiff's Product and Plaintiff's Content, including but not limited to images, videos, text, designs, and other proprietary materials owned by Plaintiff, through the copying and publishing of Plaintiff's content on the infringing website, is an infringing party as defined in Title 17 U.S. Code § 501.

20. The above Honorable Court is empowered by Title 17 U.S. Code § 502(a) to grant temporary injunctions on such terms as it deems reasonable against the Defendant.

**Claim for Relief**
**Direct Infringement of Copyright**
**(Against Defendant)**

21. Plaintiff repeats and realleges every allegation contained in paragraphs 1 to 20 as if fully set forth herein.

22. Plaintiff has properly registered, owned, or controlled the copyrights in respect of Plaintiff's Product, Plaintiff's Content, and Plaintiff's Website.

23. Without any authorization from Plaintiff, or right under the law, Defendant has unlawfully distributed Plaintiff's content by transmitting unauthorized copies of those works to users in violation of the Copyright Act, 17 U.S.C § 106.

24. The foregoing acts have been intentional, willful, and purposeful in disregard of and indifferent to the Plaintiff's rights.

25. As a direct and proximate result of Defendant's infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages as well as Defendant's profits pursuant to 17 U.S.C. § 504(b).

26. Alternatively, the Plaintiff is entitled to the maximum statutory damages, in the amount of $150,000.00 per infringement, pursuant to 17 U.S.C. § 504(c) or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

27. The Plaintiff is further entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505.

28. Because of the exceptional nature of this case resulting from the Defendant's deliberate and willful infringing actions, this Court awarded to Plaintiff all reasonable attorney's fees, cost, and disbursements incurred by it as a result of this action, pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505:

29. Defendants' conduct is causing, and unless enjoined and restrained by this Court will continue to cause the Plaintiff great and irreparable injury that cannot be fully compensated for or measured in money. The Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, the Plaintiff is entitled to a preliminary and permanent injunction prohibiting further infringements of its copyright and exclusive rights under copyright.

WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

A. For a preliminary and permanent injunction enjoining the Defendant and their respective officers, agents, servants and employees, and attorneys, and all persons in active concert or participation with each or any of them, from directly committing, aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the unauthorized reproduction or distribution of copies of the Plaintiff' works.

B. For all damages to which Plaintiff may be entitled, including Defendant's profits, in such amounts as may be found. Alternatively, at the Plaintiff's election, for statutory damages in the maximum amount allowed by law.

C. For prejudgement interest according to law.

D. For Plaintiff's attorneys' fees, and full costs and disbursements in this action.

E. For such other and further relief as the Court may deem appropriate and just.

Dated: May, 8, 2025

By: /s/ Nathanel Deposki
Nathanel Deposki
*Pro se*
20 Stanley Ct, North Haledon